UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION (AKRON)

| | |
|---|---|
| UNIQUE DESIGNS, INC., a New York corporation 425 Meadowlands Pkwy Secaucus, NJ 07094<br><br>vs.<br><br>SIGNET JEWELERS LTD., a Bermuda limited company 375 Ghent Road Akron, OH 44333<br><br>-and-<br><br>STRLJI Inc. (Sterling Jewelers Inc.) a Delaware corporation 375 Ghent Road Akron, OH 44333 | CASE NO.<br><br>JUDGE<br><br>COMPLAINT FOR MONEY DAMAGES AND INJUNCTIVE RELIEF<br>- Breach of Commercial Sales Contract<br>- UCC Article 2 Sale of Goods<br>- Money Owing on Account<br>- Conversion<br>- Fraud<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff UNIQUE DESIGNS, INC. ("Unique" or "Plaintiff") alleges as follows:

## **INTRODUCTION**

1. This matter arises from breaches of contract and related claims in connection with the failure by Defendants Signet Jewelers Ltd. ("Signet" or "Defendant") and STRLJI Inc. dba Sterling Jewelers Inc. ("Sterling") (together "Defendants") to pay amounts due and owing to Plaintiff Unique, and for misappropriation of Unique's personal property. Defendants failed to pay Unique for jewelry Unique supplied to Defendants pursuant to purchase orders and they claimed improper setoffs against monies owed to Unique.

1

**JURISDICTION**

2.      This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332, because the amount in controversy exceeds $75,000 and the controversy is between citizens of different states.

**PARTIES**

3.      At all times relevant, Plaintiff Unique was and is a New York corporation with its principal place of business in Secaucus, New Jersey.  Unique is the largest wholesale supplier of fine jewelry in the United States.

4.      Unique is informed and believes that at all times relevant, Defendant Signet is a Bermuda limited company with its principal place of business in Akron, Ohio.  Signet is the largest jewelry retailer in the United States.

5.      Unique is informed and believes that at all times relevant, Defendant Sterling is a Delaware corporation licensed to do business in Ohio, with its principal place of business in Akron, Ohio.

**FACTS**

6.      Sometime in 2007 or 2008, Unique began supplying jewelry to Defendants under the terms of a Master Supply Manual and other related agreements (collectively, the "Master Supply Agreement" or "MSA").  **Exhibits A, B, C.**

7.      Pursuant to the MSA, Unique would design jewelry and submit samples to Signet for approval.

8.      At times, the samples that Signet approved were mass-produced by a third-party overseas supplier, which arrangement with such supplier was subsequently terminated by Unique.

2

9. Many of the jewelry items that Signet agreed to purchase were to contain artificial gemstones.

10. In 2020, Signet complained to Unique that certain items failed assays based on limited samples of artificial stones that were found to be composed of glass rather than nanocrystal.

11. Signet claimed that the composition of the glass stones did not meet Signet's advertised description of the items which claimed that the stones were lab-created nanocrystals.

12. Despite there having been only limited sampling, Signet unilaterally decided to recall all items sold with such stones without receiving any customer complaints.

13. Signet refunded all customer money relating to purchased jewelry containing the above-referenced stones, instructed customers to keep the items originally purchased, and to its own sales benefit gave all those customers $100 gift cards to be used toward the purchase of other Signet jewelry, claiming that such process would mitigate losses for potential liability for potential false advertising claims.

14. Upon information and belief, no false advertising claims have been brought against Signet by any party with respect to the aforementioned jewelry.

15. Signet wrongfully expensed the totality of the foregoing loss mitigation process as a setoff against moneys owed to Unique for items purchased.

16. Unique protested the wrongful setoff because it violated the terms of the MSA, which required Signet to either reject and return items to Unique at its expense, or to pay for the items sold.

17. Further, Unique posited that an adequate mitigation would have been to send all affected customers replacements with nanocrystal gems at no charge, which remediation would have cost Unique only approximately $200,000.

18. Signet's customer refunds totaled in excess of $800,000 and the unsolicited gift cards doubled that amount to approximately $1,600,000.

19. After improperly setting off such amount against Unique's statement of money owing on account, there still remained nearly $600,000 in payments owing to Unique because the total outstanding balance exceeded $2,200,000.

20. Unique's statement of account provided to Signet showed in excess of $1,800,000 in unauthorized chargebacks of items sold, plus approximately $350,000 worth of jewelry samples and consignment items that have not been returned to Unique despite demand, plus over $40,000 in open receivables, for a total exceeding $2,200,000, none of which has been paid by Signet despite Unique's repeated demands. **Exhibit D.**

## FIRST CAUSE OF ACTION

(Breaches of Contract, Including Breaches of Duty of Good Faith and Fair Dealing)

21. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

22. Defendants have committed multiple breaches of contract, including failing to abide by the terms of the MSA with respect to acceptance or rejection of goods and the consequent chargebacks to Unique's account for money owing.

23. Defendants have breached their implied covenants of good faith and fair dealing by assessing chargebacks to Unique that were commercially unreasonable without involving Unique in the solution.

24. Signet's conduct resulted in actual money damages exceeding $2,200,000.00 and other harm relating to Unique's sale of fine jewelry.

4

## SECOND CAUSE OF ACTION

(Money Owing on Account)

25. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

26. There is due from the Defendants the sum of $2,259,260.83 on account, a true and complete copy of which is annexed hereto and forming a part hereof as **Exhibit D**.

27. Payment has been demanded and has not been made.

## THIRD CAUSE OF ACTION

(Goods Sold and Delivered Pursuant to Ohio Revised Code 1302 *et seq.*)

28. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

29. Plaintiff sues the Defendants for goods sold and delivered that were not rejected, having a value of $2,259,260.83 upon the promise by Defendants to pay the agreed amount as set forth in **Exhibit D** annexed hereto and forming a part hereof.

30. Defendants' gift of jewelry to customers was an action inconsistent with the ownership rights of Plaintiff, resulting in a legal acceptance of the jewelry as a matter of law.

31. Payment has been demanded and has not been made.

## FOURTH CAUSE OF ACTION

(Quantum Meruit/Unjust Enrichment)

32. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

33. Alternative to Plaintiff's causes of action in contract, Plaintiff sues the Defendants in *quantum meruit* for the reasonable value of the goods sold and delivered upon the promise of

the Defendants to pay a reasonable price for same in the amount of $2,259,260.83 as set forth in **Exhibit D** annexed hereto and forming a part hereof.

34. Plaintiff agreed to purchase the goods and did not reject them.

35. It would be unjust for Signet not to return the items or pay for them.

## FIFTH CAUSE OF ACTION

(Conversion of Personal Property)

36. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

37. Defendants are liable to Plaintiff for the tort of conversion of Plaintiff's personal property by the misappropriation of sample merchandise and other merchandise consigned by Unique, which merchandise Unique owns or has the right to possess.

38. Signet intentionally and with complete regard for Unique's ownership rights disposed of certain consigned jewelry items without returning them to Plaintiff or paying for them despite demands resulting in a total loss of the items.

39. Defendants have intentionally interfered with, by exercising dominion and control over, Plaintiff's personal property.

40. Defendants' interference has deprived the Plaintiff of possession or use of Plaintiff's personal property.

41. As a direct and proximate result of Defendants' intentional, wrongful and unlawful misappropriation and conversion of Plaintiff's personal property, Plaintiff has been damaged by the loss thereof.

## **SIXTH CAUSE OF ACTION**

(Fraud)

42. Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

43. Defendants materially misrepresented and fraudulently misled Plaintiff as to the purposes of the MSA by failing to disclose its true position in not honoring its executory provisions.

44. In particular, Defendants consistently failed to comply with the MSA's standard for return of items, as indicated on the detailed statement of account. **Exhibit D.**

45. Plaintiff reasonably relied on the misrepresentations of the Defendants that it would honor the terms of the MSA by providing samples of jewelry designs to Defendants.

46. The misrepresentations of the Defendants were intentionally and maliciously false and Plaintiff had no intention of abiding by the terms of the MSA at the time it was entered as evidenced by its continuous breach thereof.

47. The non-disclosure of the Defendants as to its true business operations that were hostile to Plaintiff and contrary to the obligations of good faith and fair dealing were wrongful, unlawful, and intentional.

48. As a direct and proximate result of the misrepresentations and fraud of the Defendants, and Plaintiff's reasonable reliance thereon, Plaintiff has suffered actual economic loss in breach of contract and conversion, in an amount to be determined but in excess of $2,000,000.

WHEREFORE, Plaintiff requests an order of judgment against Defendants as follows:

A. On Count One, an award of money damages in excess of $2 million for Plaintiff's breach of contract relating to the sale of goods;

B. Alternative to Count One, on Count Two, payment on account in the amount of $2,259,260.83;

C. Alternative to Counts One and Two, on Count Three, payment for goods sold pursuant to Ohio Revised Code 1302 *et seq.*;

D. Alternative to Counts One through Three, on Count Four, a money judgment in equity for goods sold in excess of $2 million;

E. On Count Five, an Order for Plaintiff to return the converted jewelry items to Defendants and/or finding malicious intent and awarding money damages for the converted items in excess of $350,000.00, plus punitive damages, plus attorneys' fees;

F. On Count Six, a finding that Defendants defrauded Plaintiff and a resulting award of actual damages in excess of $2 million, plus punitive damages, plus attorneys' fees.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

Respectfully submitted:

*/s/ Wade T. Doerr*
Wade T. Doerr (0083430)
wdoerr@brouse.com
Brouse McDowell LPA
6550 Seville Drive, Suite B
Canfield, OH 44406
Telephone: (330) 533-6195
Facsimile: (330) 533-6198

Attorney for Plaintiff
UNIQUE DESIGNS, INC.

8